UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO.: 12-cr-82-03 (RJL) |
| | ) | |
| SAMUEL HORNE, JR., | ) | FILED UNDER SEAL |
| | ) | |
| Defendant. | ) | |
| | ) | |

## GOVERNMENT'S MOTION TO EXCLUDE TIME
## UNDER THE SPEEDY TRIAL ACT

### INTRODUCTION

The United States respectfully submits this motion seeking to exclude time from the calculation of the date by which the defendant must be tried pursuant to the provisions of the Speedy Trial Act, 18 U.S.C. § 3161. As set forth herein, the Speedy Trial Act specifically authorizes the Court to exclude a reasonable period of delay when a defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted. *See* 18 U.S.C. § 3161(h)(6). In support of the instant motion, the government states the following:

### BACKGROUND AND CODEFENDANT STATUS

The indictment in this case is the product of an international cocaine trafficking investigation conducted by the United States Drug Enforcement Administration (DEA), the United States Naval Criminal Investigative Service (NCIS), and foreign law enforcement agencies in Colombia and Italy. This investigation revealed that Wally Lora, Lemar Burton, and Samuel Horne, Jr., the defendants indicted in this case, were members of a drug trafficking

-1-

organization responsible for the transportation of cocaine by U.S. citizens on board aircraft leaving from Colombia and bound for Europe.[1]

On February 27, 2014, defendant Samuel Horne, Jr. was extradited from Colombia to the United States to stand trial on this indictment. Codefendant Lemar Burton is presently in custody in Colombia, pending extradition to the United States in this case. Burton's extradition has already been approved by the Government of Colombia, with a caveat. Burton was arrested in Colombia on October 12, 2011, convicted of drug trafficking, and sentenced to 64 months of incarceration on March 9, 2013. Colombia has ordered that Burton complete his sentence prior to his extradition to the United States.

The government estimates that Burton will be extradited to the United States sometime during Summer 2014. The government expects that the Colombians will give Burton credit for time served, dating back to his October 12, 2011 arrest, as is customary in Colombia. With such credit, he has already served approximately 30 months of his Colombian sentence. Additionally, based upon conversations with the U.S. Judicial Attache in Colombia, who has regular contact with prosecutors and other legal authorities in Colombia, it is the government's understanding that the Colombian Court has the discretion to reduce Burton's sentence by 50% based upon good behavior and participation in educational programs.

In January 2014, the government received a report from its Colombian counterparts, detailing Burton's behavior in prison. The report noted that Burton's behavior has been "exemplary" since October 2012, and prior to that date, his behavior was listed as "good." The report further indicated that Burton has been working in the prison, and he has completed several

---

[1] Codefendant Wally Lora is currently in custody in this district and has pleaded guilty in the instant case.

certification programs.  Based upon this positive report, it is anticipated that Burton will likely
receive the benefit of a sentencing reduction.  If his sentence were reduced by the full 50%, he
would arrive in the United States as early as June 2014.  The government's Colombian
counterparts have also indicated that Burton's sentence could be converted to a probationary
sentence sometime this year, in which case he would be released to the custody of the United
States for extradition at that time.[2]

## LEGAL ANALYSIS

The government requests that the time until the remaining defendant has been brought to
the United States and joined for trial be excluded from the speedy trial clock.  As previously
mentioned, codefendant Lemar Burton has already been approved for extradition to the United
States upon completion of his Colombian sentence.  Based on the above information, it is
estimated that Burton may be before the Court in early Summer 2014.

The Act states that "[a] reasonable period of delay when the defendant is joined for trial
with a codefendant as to whom the time for trial has not run and no motion for severance has
been granted" shall be excluded in computing the time within which the trial must commence.
18 U.S.C. § 3161(h)(6).  That provision has been interpreted by the Supreme Court to mean that
"all defendants who are joined for trial generally fall within the speedy trial computation of the
latest codefendant." *Henderson v. United States*, 476 U.S. 321, 323 n.2 (1986).  *See also United
States v. Calle*, 120 F.3d 43, 46 (5th Cir. 1997) (holding "in a multi-defendant prosecution . . .the

---

[2] The government notes that its estimates are based upon information received from the U.S. Judicial
Attache in Colombia, who obtained this information from his counterparts in Colombia. The government's
calculations do not represent an exact science or an explicit promise from the Government of Colombia as to the
final disposition of Burton's sentence. The government will update this Court upon receipt of any additional
information related to Burton's Colombian sentence and his estimated extradition date.

Speedy Trial clock begins to run when the last codefendant makes his initial appearance in court"); *United States v. Dota*, 33 F.3d 1179, 1183 (9th Cir. 1994) (noting that the "established rule" is "that the speedy trial clock begins to tick on the date the last codefendant appears"); *United States v. Davenport*, 935 F.2d 1223, 1229-30 (11th Cir. 1991) (holding that the speedy trial clock did not begin to run until all of the codefendants has been apprehended).

In *Parga-Rivas*, the District Court for the District of Columbia noted that the absence of codefendants qualifies for an exclusion of speedy trial time because "the desirability of trying the codefendants together – with its concomitant savings of trial preparation time, witness time, foreign travel, court time, and jurors' time – made it quite reasonable to await the arrivals of the remaining two defendants [who were pending extradition]." *United States v. Parga-Rivas*, 689 F. Supp. 2d 25, 28 (D.D.C. 2009) (citations omitted); *see also United States v. Varella*, 692 F.2d 1352, 1359 (11th Cir. 1982) (noting that the exclusion of speedy trial time while awaiting the arrival of codefendants embodies Congressional recognition that "the efficiency and economy of joint trials far outweighed the desirability of granting a severance where the criterion was simply the passage of time").

While *Parga-Rivas* involved defendants already apprehended and pending extradition, as is the case in the instant matter, other courts have gone even further to exclude speedy trial time where the government was continuing its attempt to locate a fugitive codefendant. In *United States v. Franklin*, 148 F.3d 451 (5th Cir. 1998), for example, the Court found that excluding 134 days while police searched for a fugitive codefendant was reasonable in order to permit a joint trial of the defendants in a drug conspiracy case. The Court stated that "the utility of a joint trial is particularly compelling here, as the defendants were charged with a single conspiracy so that

-4-

the government could be expected to recite a single factual history, put on a single array of

evidence, and call a single group of witnesses." *Id.* at 457 (internal quotations omitted).

Similarly, in *United States v. Tobin*, 840 F.2d 867 (11th Cir. 1988), another drug conspiracy case,

the Court found that the exclusion of eight months and ten days based upon in an unsuccessful

effort to capture a fugitive codefendant was reasonable. The Court reasoned that under the

"totality of the circumstances" the delay was necessary to determine if the goal of a single trial

could be met and that the defendant was not prejudiced, "particularly in terms of impairing his

ability to defend himself." *Id.* at 869.

These same interests clearly support the exclusion of time under the Speedy Trial Act in

the instant case until Burton, currently in custody in Colombia, is extradited to the United States.

The defendants in this case are charged in a single conspiracy, and interests of judicial economy

strongly weigh in favor of a single trial. The burden of multiple trials in this case would be

enormous, particularly because of the costs associated with bringing numerous foreign law

enforcement witnesses to the United States. Accordingly, this Court should rely upon the

specific statutory exclusion of time to toll the running of the Speedy Trial Act until Burton

arrives from Colombia.

Additionally, the government does not anticipate a lengthy delay. As previously

mentioned, the government estimates that Burton could arrive in the United States in a few

months. The government will update the Court with any new information, and the issue of

Speedy Trial could be reconsidered if any unanticipated delays arise.

The government contacted defense counsel, who indicated that the defendant opposes this

motion.

## CONCLUSION

WHEREFORE, for the foregoing reasons, the United States respectfully requests that this Court grant the instant motion and exclude a reasonable period of delay because the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted.

Respectfully submitted this 4th day of April 2014.

ARTHUR G. WYATT, Chief
United States Department of Justice
Narcotic and Dangerous Drug Section

By: _____

Jamie Perry, Trial Attorney
United States Department of Justice
Narcotic and Dangerous Drug Section
145 N Street, Northeast
East Wing, Second Floor
Washington, D.C. 20530
(202) 307-3262
Jamie.Perry@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of April 2014, I hand-filed the foregoing GOVERNMENT'S MOTION TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT with the Clerk of the Court.  A copy has been emailed to defense counsel.


Jamie Perry, Trial Attorney
United States Department of Justice
Narcotic and Dangerous Drug Section
145 N Street, Northeast
East Wing, Second Floor
Washington, D.C. 20530
(202) 307-3262
Jamie.Perry@usdoj.gov